**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

November 20, 2014

MEMORANDUM TO COUNSEL

    Re:    *Ports et al. v. Karpathoes, Inc. et al.*
            Civil Action No. ELH-14-03044

Dear Counsel:

      As you know, on September 26, 2014, plaintiffs Keith Ports, Mara A. Rouse, and Lauren Losiewski filed suit against their alleged former employers, defendants, Karpathoes, Inc., George Sakellis, and Roula Rigopoula Sakellis.  Complaint, ECF 1.  All three plaintiffs worked as servers at Fratelli's Italian Restaurant in Hempstead, Maryland, and Ports also worked as a bartender at the restaurant.  ECF 1 ¶ 11.  Plaintiffs allege that the restaurant is owned and operated by defendant Karpathoes, Inc., which in turn is "owned and operated" by the individual defendants.  ECF 1 ¶¶ 7, 9.  Plaintiffs assert violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and related claims, under Maryland's Wage and Hour Law ("MWHL"), Md. Code (2008 Repl. Vol.), § 3-401 *et seq.* of the Labor & Employment Article ("L.E."), and the Maryland Wage Payment and Collection Law ("MWPCL"), L.E. § 3-501 *et. seq.*  They have also filed a motion to conditionally certify a FLSA collective action under 29 U.S.C. § 216(b).  ECF 10.

      Now pending are two motions to dismiss, one filed by defendant Karpathoes, Inc. ("Karpathoes Motion," ECF 8), and one filed by defendants George and Roula Sakellis ("Sakellis Motion," ECF 9).  Both motions urge dismissal under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. The Karpathoes Motion seeks dismissal of only two counts, Counts I and IV, alleging failure to pay federal and State minimum wages, respectively. ECF 8.  The Sakellis Motion seeks dismissal of all counts against them, arguing that plaintiffs have not pled adequate facts to show that the Sakellis were "employers" within the meaning of federal and State wage law. ECF 9-1 at 3.  No hearing is necessary to resolve the motions.  *See*  Local Rule 105.6.

      This case is closely related to another case filed with this Court in March 2014 against the same defendants, titled *Ford v. Karpathoes, Inc.*, ELH-14-00824 (D. Md. 2014).  Plaintiffs in both cases are represented by the same attorneys, and three of defendants' attorneys have appeared in both cases.  In *Ford*, three former servers and one former hostess at the restaurant sued the same three defendants named in this case under the same laws and legal theories. *Compare* Second Amended Complaint, ECF 23, ELH-14-00824 *with* Complaint, ECF 1, ELH-14-03044.  In the instant case, plaintiffs have added one additional count, Count V, alleging violations of the MWPCL. ECF 1 at 10-11.  In their memorandum in support of the Sakellis Motion, the Sakellis acknowledge the similarity between the cases.  *See* ECF 9-1 at 7 n.4.

The three defendants in *Ford* filed a single "Motion to Dismiss Plaintiffs' Second Amended Complaint." In their memorandum in support of that motion, in all material respects, defendants made the same arguments for dismissal of plaintiffs' claims as they make in the Karpathoes and Sakellis motions filed here. *Compare* ECF 25, ELH-14-00824 *with* Karpathoes Motion and Sakellis Motion, ELH-14-03044.

In *Ford*, I issued a Memorandum denying defendants' motion. *See* ECF 39 in ELH-14-00824. Here, as discussed, the material facts alleged in plaintiffs' complaint, and defendants' arguments as to their inadequacy, are indistinguishable from the facts alleged and the arguments advanced in *Ford*. To be sure, plaintiffs here have included in Count V a claim under MWPCL, which is absent from *Ford*. However, the Karpathoes Motion does not seek dismissal of Count V, and the arguments in the Sakellis Motion regarding their status as "employers" would apply as much to Count V as to the MWHL claim alleged by the plaintiffs in *Ford*. Consequently, the addition of Count V does not change the applicability of the analysis set forth in my Memorandum in *Ford*. *See Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 38, 56 A.3d 303, 309 (2012) (holding "economic reality" test governs claims under MWPCL as well as under MWHL). Indeed, if anything, plaintiffs here have included more facts than the plaintiffs in *Ford*. *See* ECF 1 ¶¶ 13, 14, 15 (alleging approximate start and end dates of plaintiffs' employment and estimating hours regularly worked in excess of 40).

Accordingly, the Karpathoes and Sakellis Motions filed in this case will be denied for the same reasons as set forth in my Memorandum in *Ford v. Karpathoes, Inc.*, ELH-14-00824, at ECF 39, the pertinent parts of which are incorporated herein by reference.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge